AMERICAN AMUSEMENT COMPANY, Appellant, vs. McWILLIAMS, Respondent.

*October 7—November 4, 1919.*

*Master and servant: Compensation: Share in profits.*

In an action against the manager of a theater for an accounting, the evidence is *held* to show that his compensation was to be a percentage of the profits and does not sustain a finding by a referee, confirmed by the court, that he was entitled to the value of the services rendered.

APPEAL from a judgment of the circuit court for La Crosse county: E. C. HIGBEE, Circuit Judge. *Reversed.*

This is an action brought by the plaintiff for an accounting by the defendant, an employee of plaintiff as manager of the Casino theater in the city of La Crosse. The defendant set up a counterclaim for compensation for services as manager of the Strand theater of La Crosse, which the plaintiff also owned and operated.

The written contract of employment of defendant by plaintiff as manager of the Casino theater was dated August 1, 1914, and provided that the defendant should receive a salary of $25 a week and twenty-five per cent. of the net profits. It also provided that the defendant was not en-

titled to receive the stipulated salary in any month unless the receipts were sufficient to first pay the operating expenses.

The contract by its terms expired August 1, 1915, but defendant continued to operate the Casino theater under the terms of the contract until February, 1917. The Strand theater, also owned by plaintiff, was opened in La Crosse about Thanksgiving Day, 1915, and defendant was engaged to manage it in connection with his management of the Casino theater. He continued such management until February, 1917.

No written agreement was entered into fixing the compensation for defendant's services as manager of the Strand. Defendant claims that he and Mr. Parkinson, president of plaintiff company, had conversations in regard to the matter in which it was suggested that defendant receive a share of the profits which should be a greater percentage than that received under the management of the Casino theater; that the theater be run for thirty, sixty, or ninety days to find out what the business would be, and then an arrangement should be made as to compensation. Mr. Parkinson, president of plaintiff company, testified in effect that defendant was not to receive a salary from the Strand and that no arrangement was made by which defendant was to share in any profits from the Strand.

The Strand theater was an unprofitable business venture and did not pay expenses from the beginning. Defendant managed the two theaters together, paid out all money and drew all checks, and kept separate books and bank accounts. In February, 1917, defendant resigned as an employee of the plaintiff company. Thereafter plaintiff brought this action to compel defendant to make an accounting under his employment.

The issues were tried before a referee, who made findings to the effect that there was a balance of $700.90 in defend-

ant's hands of the amount he received as such theater mana-
ger over the expenses paid by him, including his compensa-
tion as manager of the Casino theater, and that defendant
was entitled to receive as compensation for managing the
Strand theater $945. He ordered judgment for the de-
fendant for $244.10. The parties then discovered certain
errors in the computations made by the referee and stipu-
lated that the fourth finding of the referee be amended by
inserting the sum of $945 instead of $700.90. It was fur-
ther stipulated that in case the referee's fifth finding, to the
effect that the defendant was entitled to compensation as
manager of the Strand theater in the sum of $945, should be
sustained by the circuit court upon review of the referee's
findings, plaintiff would not be entitled to recover and that
judgment be entered that neither party recover from the
other; and that in case the fifth finding should not be sus-
tained judgment be entered in favor of the plaintiff for $945
and costs.

The circuit court sustained the referee's fifth finding of
fact, and judgment was entered dismissing plaintiff's com-
plaint in accordance with the terms of the stipulation. This
is an appeal from such judgment.

For the appellant there was a brief by *McConnell &
Schweizer* of La Crosse, and oral argument by *C. H.
Schweizer.*

*John F. Doherty* of La Crosse, for the respondent.

SIEBECKER, J. The controversy on this appeal presents
the inquiry whether or not the referee is correct in his find-
ing of fact and conclusion of law to the effect that it was
understood between Parkinson, president of the *American
Amusement Company,* and the defendant, at the time de-
fendant commenced operating the Strand theater in Novem-
ber, 1915, that defendant was to be compensated for his

services in conducting this theater, and in default of fixing the amount thereof defendant is entitled to recover a reasonable amount for services rendered?

· This finding of fact and conclusion of law was confirmed by the circuit court upon the ground that this fact so found cannot be held to be against the clear preponderance of evidence in the case.   The evidence bearing on this point is confined to the statements of interviews between Mr. Parkinson and the defendant, which must be interpreted in the light of the circumstances under which they were had.   The defendant had operated the Casino theater under contract for one year ending August 1, 1915.   Before the expiration of the contract, interviews between Parkinson and defendant concerning the erection of another theater were had in which Parkinson asked: "If I build this theater will you stand by me?" and defendant stated he would.   The question of compensation was not then alluded to.   The defendant continued operating the Casino theater under the former agreement, which provided for a salary of $25 per week and twenty-five per cent. of its net profits, which salary was not to be paid unless the receipts of the business above operating expenses were sufficient to pay them. Shortly before opening the Strand in November, 1915, the parties alluded to defendant's compensation for operating it. Parkinson testifies that defendant suggested receiving one third of the profits without any salary.   The defendant's version of the interview is that when he was asked about compensation for operating the Strand he stated: "I don't want to be hogging all the profits, I want to see how you come out here with your investment.   Possibly we can handle it on some percentage terms; might deduct the costs and expenses and divide the profits, two thirds to you, one third to me, as a basis.   Give it a test for either sixty or ninety days and see what the theater is going to do and see what happens."   Defendant denies that it was then under-

stood he was to be compensated out of profits from operating the Strand, and that no arrangements were thereafter made fixing his compensation. He had exclusive management of the Strand for a period of sixty-three weeks ending February 4, 1917. The enterprise was unprofitable and defendant did not make a charge in his accounts for services for conducting the Strand until they terminated, and then he held the profits from the Casino as payment for his services in operating the Strand. Considering the declaration of defendant in the light of his employment by plaintiff for operating the Casino, and all the facts and circumstances under which the interviews between the parties were had, it warrants but the one conclusion that it was understood by them that defendant was to be compensated for his services in operating the Strand out of the profits, if any were realized. The fact that the parties agreed to operate the Strand for some months before fixing the definite amount to be paid defendant does not contradict the idea then entertained by them that they contemplated and understood that defendant was to be paid out of the profits. This being the case, it follows that defendant was bound by the arrangement as far as consummated, and since the venture produced no profits he cannot claim payment for his services. We are persuaded that the referee's fifth finding is not sustained by the evidence; that the court erred in confirming it; and the judgment appealed from must be reversed. The plaintiff is entitled to judgment for the recovery of the $945 with interest at six per cent. from the commencement of the action, pursuant to the stipulation of the parties dated June 3, 1919.

*By the Court.*—It is so ordered.